UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff, v. DBHL, INC., a foreign corporation, et al., Defendants. | CASE NO. C10-5502<br><br>ORDER RESERVING RULING ON DEFENDANT CJ'S PLUMBING, INC.'S MOTION TO DISMISS AS SANCTION, RESERVING RULING ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN REAL PARTY IN INTEREST, AND GRANTING THE PARTIES' JOINT MOTION TO CONTINUE TRIAL |
|---|---|

This matter comes before the Court on Defendant CJ's Plumbing, Inc.'s ("CJ") motion to dismiss as sanction for spoliation of evidence (Dkt. 21), Defendants' joint motion to dismiss for failure to join real party in interest (Dkts. 29, 30), and the parties' unopposed joint motion to continue trial and pretrial deadlines (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and, as discussed herein, hereby (1) reserves ruling on CJ's motion

to dismiss as sanction; (2) reserves ruling and grants Plaintiff's ("Metlife") leave to amend on Defendants' joint motion to dismiss for failure to name the real party in interest; and (3) grants the parties' joint motion to continue as discussed herein.

## I. PROCEDURAL HISTORY

On July 11, 2011, Metlife, Defendants DBHL, Inc. ("DBHL"), and Briggs Plumbing Products, Inc. ("Briggs") moved jointly to continue trial and amend pretrial deadlines. Dkt. 20. This motion is unopposed.

On July 14, 2011, CJ moved to dismiss Metlife's case against it as a sanction for Metlife's alleged spoliation of evidence. Dkt. 21. On July 27, 2011, Metlife responded to, but did not oppose, CJ's motion to dismiss. Dkt. 25. On August 4, 2011, CJ replied. Dkt. 31.

On August 3, 2011, DBHL and Briggs moved to dismiss Metlife's case for failure to name the real party in interest. Dkt. 29. On the same day, CJ joined the motion. Dkt. 30. On August 15, 2011, Metlife opposed Defendants' joint motion to dismiss for failure to name the real party in interest. Dkt. 33. On August 25, 2011, CJ replied; on August 26, 2011, DBHL and Briggs replied. Dkt. 34.

## II. FACTUAL BACKGROUND

This case arises out of a residential flooding that allegedly resulted from a failed ballcock[1] valve in a second-floor, residential toilet belonging to an unnamed party, the

---

[1] According to an Internet search, a ballcock (also balltap or float valve) is a mechanism or machine for filling water tanks, such as those found in flush toilets, while avoiding overflow and (in the event of low water pressure) backflow.

Whiteheads. Metlife insured the Whiteheads. *See, e.g.,* Declaration of Jane J. Chee, Dkt. 1-2 at 10 (copy of Complaint ¶ 2.17). Metlife alleges that it reimbursed the Whiteheads in the amount of $176,515.47. *Id.* ¶ 2.22.

It is undisputed that whereabouts of critical components of the subject ballcock valve assembly are missing. It is also undisputed that at one time these critical components were either attached to or contained with the other ballcock valve parts. However, who is responsible for the lost parts is disputed. In short, Metlife and DBHL transferred the subject ballcock and its parts back and forth via mail during the course of many months. *See* Declaration of George Yarzak (Yarzak Decl.) ¶ 8 (stating that some 13 months transpired between the time Metlife sent DBHL the parts and the time that DBHL returned the parts to Metlife). Yarzak also stated that:

> The plumbing Parts were in a semi-clear plastic bag tied at the top. I examined the bag of parts but did not open the bag. I did not inventory the parts in the bag *assuming* all of the parts were enclosed. It is now obvious that DBHL did not return all of the plumbing parts. This is not something I would have known *except if I opened the bag of parts*.

*Id.* ¶ 9 (emphasis added).

Based on the foregoing, CJ moves for dismissal as a sanction for spoliation of evidence; DBHL, Briggs, and CJ move for dismissal for failure to name the real party in interest; and barring dismissal the parties jointly move for a continuance.

## III. DISCUSSION

**A.     Failure to Name Real Party in Interest**

Defendants move to dismiss Metlife's case against them for failure to name the real party in interest. *See* Dkts. 29, 30. Defendants contend that the Whiteheads, as the

insureds, are the real party in interest. Metlife contends that, notwithstanding the fact that the Whiteheads are the named insureds, it is permitted in subrogation to file this action in its own name.

As the Defendants point out and Metlife does not adequately refute, the Ninth Circuit and the Washington State Supreme Court have roundly rejected Metlife's position:

> Of course, under Washington law, "[b]y virtue of payments made to a subrogor stemming from the actions of a third party, a subrogee has a right of reimbursement under general subrogation principles." *Mahler v. Szucs*, 135 Wn.2d 398, 413 (1998) (en banc). But the reimbursement right that exists between the insurer and its policy holder does not, under Washington law, detract from the *substantive right of the insured, and only the insured*, to sue for tort damages in subrogation actions. *See McRory v. N. Ins. Co. of N.Y.*, 138 Wn.2d 550, 556 n. 6 (1999) ("*In subrogation actions, the insured remains the real party in interest.*"); *Mahler*, 135 Wn.2d at 417-18 ("[S]ubrogation creates in the insurer, by contract or equity, a right to be reimbursed. The enforcement of the interest [is] by a type of lien against the subrogor/insured's recovery from a tort-feasor or by an action by the subrogee/insurer *in the name of the insured* against the tort-feasor." (emphasis added))

*Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1091-1092. In *Mahler*, the Washington Supreme Court explained that an insurer/subrogee may either create a lien against future recovery by the insured/subrogor or may sue in the insured/subrogor's name to recover an amount that it has reimbursed to the insured for its loss.

Here, the Whiteheads are the insured/subrogee and they are not named in this lawsuit. Thus, Metlife has failed to name the real party in interest. According to the federal rules, "[a]n action must be prosecuted in the name of the *real party in interest*."

*See id.* Metlife has not supplied controlling law to the contrary or provided the Court with competent evidence to suggest that another rule applies.

With dismissal of the case a seemingly drastic measure at this time, the Court denies Defendants' joint motion to dismiss and, instead, grants Metlife leave to amend to add the real party in interest. Failure to do so on or before October 10, 2011, may result in dismissal of the case pursuant to Federal Rule of Civil Procedure 17(a)(1).[2]

**B.  CJ's Motion to Dismiss as Sanction**

Because the real party in interest has not been joined to this case, the Court need not determine at this time who is responsible for the missing parts of the ballcock valve assembly or whether Metlife is responsible for spoliation.

Therefore, the Court reserves ruling on this issue.

**C.  Joint Motion to Continue**

Because the parties have shown good cause for a continuance, the joint motion to continue trial and amend pretrial deadlines is granted. *See* Dkt. 20. The trial date is reset to March 13, 2012, and the Clerk will issue a revised scheduling order.

# IV. ORDER

Therefore, it is hereby **ORDERED** that:

---

[2] Federal Rule of Civil Procedure 17(a)(1) (emphasis added). Although Rule 17(a) provides some exceptions to the real party in interest requirement, none of those exceptions apply to this case. *See id.* 17(a)(1)(A)-(G).

1. Ruling on CJ's motion to dismiss as sanction is **RESERVED** as discussed herein;

2. Defendants' joint motion to dismiss for failure to join a necessary party is **RESERVED** as discussed herein;

3. Metlife **SHALL** join the real party in interest on or before October 10, 2011;

4. The parties' joint motion to continue trial is **GRANTED** as discussed herein.

Dated this 26th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge